The record does not show an adequate inquiry by the court into the voluntariness of the plea, pursuant to Supreme Court Rule 402(b) (Ill. Rev. Stat., ch. 110A, sec. 402(b)).

■■ The total lack of any reference to how or if this inquiry was made requires reversal and remandment.

■■■ We therefore reverse and remand with directions to allow the appellant to plead anew if he so desires. (See *People v. Horne*, 21 Ill.App.3d 10.) In the event appellant chooses to not plead anew the judgment of the circuit court of St. Clair County shall be affirmed in all respects except the minimum term of the sentence which is reduced to 1 year and 8 months to comply with the Unified Code of Corrections. Ill. Rev. Stat., ch. 38, sec. 1005—8—1(c)(3).

Reversed and remanded with directions.

Mr. JUSTICE G. MORAN took no part in the consideration or decision of this case.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GEORGE HUNTER, Defendant-Appellant.

(No. 73-7;

Fifth District—June 26, 1974.

PER CURIAM.
CARTER, J., took no part.

Robert E. Farrell, of the State Appellate Defender's Office, of Mt. Vernon, for appellant.

Robert H. Rice, State's Attorney, of Belleville, for the People.